IN THE DISTRICT COURT OF THE WESTERN DISTRICT OF MISSOURI
UNITED STATES OF AMERICA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Nos. 11-00077-01-CR-W-DGK |
| | ) | |
| DONAVAN LEE JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## SENTENCING MEMORANDUM

COMES NOW Defendant, Donavan Lee Jones, by and through counsel Kevin E. J. Regan and files this Sentencing Memorandum in the above-captioned matter.

## BACKGROUND

Defendant is currently charged with one (1) count of wire fraud in the above-captioned matter. Following Defendant's guilty plea at a previous hearing, the Court ordered a Presentence Investigation Report.

Mr. Jones has pleaded guilty to Count I of the Indictment to the charge of wire fraud. According to the PSIR, Mr. Jones has a base offense level of 7. Due to the amount of the loss incurred in this case, an eighteen (18) level increase has been added pursuant to 2B1.1(b)(1)(J).

An additional two (2) level increase was assigned to Mr. Jones because sophisticated means was supposedly used by him during the criminal misconduct in this case.

No adjustments have been made for victim related conduct, role in the offense or obstruction of justice.

The adjusted offense level was 27. Mr. Jones has been recommended a two (2) level reduction for timely acceptance of responsibility pursuant to 3E1.1(a) and a one (1) level reduction for assisting the Government in its investigation pursuant to 3E1.1(b).

Zero (0) criminal history points were awarded and Mr. Jones' criminal history category is I.

The sentencing range for a total offense level of 24 with a criminal history category of I is 51-63 months.

It is expected at sentencing that the Government and Defense Counsel will each recommend to the Court a fifty-seven (57) month sentence, and Defendant will withdraw his objection to the sophisticated means adjustment.

Defendant has strong family ties in the Kansas City area. He has young children, a mother and a fiancée in the area, as well.

It is Defendant's desire to be near his family, if possible, during his period of incarceration.

Accordingly, the Defendant will be requesting that the Court recommend placement of the Defendant in the Leavenworth Honor Camp in Leavenworth, Kansas.

Defendant has been advised that, even if the Court sees fit to make this recommendation, it is not binding on the Bureau of Prisons.

Defendant has suffered from long term alcohol abuse throughout the time period involved in his misconduct in this case.

Defendant believes he needs alcohol treatment and that he would benefit from the same while incarcerated.

Therefore, Defendant will present evidence at sentencing of this alcohol related problems in his life and his desire to benefit from treatment.

Accordingly, Defendant will be requesting that he be allowed to complete the RDAP program while incarcerated. It is expected the Government will not oppose this request.

It is expected that Defendant will not be allowed to engage in commercial lending of any kind during his period of supervised release.

It is Defendant's intention to go back to a blue collar type of occupation, perhaps landscaping, upon his release.

Defendant respectfully submits that he should not be obligated to pay certain restitution sums as discussed on page 26 of the Presentence Investigation Report.

Mr. Jones informs the Court that he has forwarded $400,000.00 of the funds given to him from David Stubbs to his superior in the company by the name of Lullove.

Regarding restitution to Lawrence Maxwell, Mr. Jones informs the Court that he forwarded $1 million to Mr. Lullove and kept $600,000.00.

Regarding restitution claimed by Tommy Geske, Mr. Jones informs the Court that he only indirectly received $50,000.00 from Tommy Geske through Samuel Hayden.

Defendant will have no financial assets of any kind available to him immediately upon his release.

Defendant submits he will be unable to pay any fines upon his release due to his financial situation.

Defendant will be requesting that the Court not impose a fine against him in this case. We anticipate this will not be opposed by the Government.

Defendant's net worth is currently estimated at -$987,855.59.

Defendant had access to an account in the Barclay's bank in England. Defendant will cooperate with the Government's efforts to obtain Defendant's interests in that asset.

The Government and Defense have agreed not to ask the Court to depart in either direction in the sentencing of this case.

Defense Counsel will be respectfully requesting that the Court impose a sentence of fifty-seven (57) months against Mr. Jones, that no fine be imposed, that he be allowed to participate in the RDAP program, that he be placed in the Leavenworth Honor Center and that he be given credit for all the time he has served since his arrest in this case on July 7, 2011.

Respectfully submitted,

/s/ Kevin E. J. Regan_____
Kevin E. J. Regan, Bar No. 32609
**THE REGAN LAW FIRM, L.L.C.**
1821 Wyandotte Street, Ste. 200
Kansas City, Missouri 64108
(816) 221-5357
(816) 221-5236 FAX

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was e-mailed this 20th day of November, 2012 to:

Roseann Ketchmark, AUSA
United States Attorney's Office
5510 C. E. Whittaker Courthouse
400 E. Ninth Street
Kansas City, Missouri 64106


/s/ Kevin E. J. Regan_____
Kevin E. J. Regan